# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3578 | **DATE** | JUN 0 4 2002 |
| **CASE TITLE** | Woods-Clendening vs. Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff is ordered to brief the issue of the source of this court's subject-matter jurisdiction, in light of the Seventh Circuit's decision in Shegog v. Board of Educ., 194 F.3d 836 (7th Cir. 1999). Plaintiff's memorandum to be filed by June 12, 2002. Defendant's response to be filed by June 19, 2002. No reply is ordered.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 05 2002 | |
| | Notified counsel by telephone. | date docketed | 4 |
| X | Docketing to mail notices. | CM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | 02 JUN -4 AM 11:52 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
JUN 0 5 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL D. WOODS-CLENDENING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF EDUCATION, SCHOOL ) <br> DISTRICT NO. 89, COOK COUNTY, ) <br> ILLINOIS, ) <br> ) <br> Defendant. ) | 02 C 3578 <br><br> Judge George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

On May 20, 2002, plaintiff Cheryl Woods-Clendening moved for a temporary restraining order enjoining defendant Board of Education from removing plaintiff from her position as personnel director for School District No. 89 in Cook County, Illinois on July 1, 2002. For the reasons stated below, plaintiff's motion is denied.

On July 12, 2001, plaintiff and defendant entered into an employment contract, which provided that plaintiff would serve as the school district's personnel director from July 1, 2001 through June 30, 2006. Prior to July 2001, plaintiff had served as the school district's personnel director as an at-will employee.[1] Under its terms, the contract could be terminated only by mutual agreement of the parties, plaintiff's retirement or resignation, or for cause. If defendant sought to discharge plaintiff for cause, the contract required that defendant serve on plaintiff written charges for dismissal and a bill of particulars. In addition, plaintiff would be entitled to a

---

[1] According to defendant, several months earlier several new candidates had been elected to the Board of Education, with terms commencing in November 2001. Plaintiff's contract was approved by the outgoing Board.

hearing before an arbitrator selected by mutual agreement, to determine whether the cause was valid and whether it was prejudicial to the school district.

Defendant subsequently determined that plaintiff's multi-year contract failed to meet the statutory requirements of the Illinois School Code. The Illinois School Code provides, in relevant part, that "school districts may only employ principals and other school administrators under either a contract for a period not to exceed one year or a performance-based contract for a period not to exceed 5 years." 105 ILCS 5/10-23.8a. The Code defines the requirements of such a "performance-based contract" as follows:

> Performance-based contracts shall be linked to student performance and academic improvement attributable to the responsibilities and duties of the principal or administrator...Each performance-based contract shall include the goals and indicators of student performance and academic improvement determined and used by the local school board to measure the performance and effectiveness of the principal or other administrator and such other information as the local school board may determine.

Id. Plaintiff's contract incorporated the job description for personnel director contained in defendant's policies, but neither the contract itself nor the job description contained goals linked to student performance and academic improvement.

Based on its determination that plaintiff's contract failed to meet the statutory requirements for multi-year contracts, defendant decided to treat the contract as a one-year contract ending July 1, 2002. On April 23, 2002, defendant offered plaintiff an additional one-year contract as personnel director for the 2002-2003 school year, which plaintiff declined. On May 5, 2002, defendant notified plaintiff that her position would be posted as vacant beginning July 1, 2002 and that she would need to reapply if she wished to be considered for it. Plaintiff was not provided a hearing. On May 20, 2002, plaintiff filed this federal action under 42 U.S.C.

2

§ 1983 for violation of her procedural due process rights, with a supplemental state law claim for breach of contract, and moved for a temporary restraining order.

Injunctive relief is an extraordinary and drastic remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Plaintiff first must show: (1) a likelihood of success on the merits, (2) irreparable harm if the temporary restraining order is denied, and (3) the inadequacy of any remedy at law. See Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). If plaintiff makes this threshold showing, the court must then balance the harm to plaintiff that would result if the injunction were wrongfully denied against the harm to defendant if the injunction were wrongfully granted, and the impact on the public interest. See id.

The court first considers whether plaintiff has met her burden of showing a likelihood of success on the merits. This burden is relatively light: plaintiff need only show that her "chances [for success] are better than negligible." Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 387 (7th Cir. 1984). Defendant argues that plaintiff has no likelihood of success on the merits because her contract is invalid under state law, and because in any event, plaintiff is not being discharged from school district employment. The court disagrees.

Procedural due process requirements "apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). Public employees hired pursuant to an employment contract typically have a property interest in their continued employment that is protected by due process during the term of the contract. See id. at 576-77. When a public employer removes an employee from a job in which the employee has a constitutionally protected interest, the employee is entitled to receive, at a minimum, notice of the charges, an explanation of the employer's evidence, and an opportunity to present her side of the story. Cleveland Bd. of Educ.

v. Loudermill, 470 U.S. 532, 546 (1985).

In Vail v. Board of Educ., 706 F.2d 1435 (7th Cir. 1983), aff'd 466 U.S. 377 (1984), the Seventh Circuit considered whether a teacher held a cognizable property interest in a second year of employment when his employer terminated his employment after one year, despite having promised him a two-year contract. The Board of Education argued that such an agreement was unenforceable under state law, and thus was insufficient to create a property interest. Id. at 1439. Although the court held that the plaintiff's two-year agreement was consistent with state law, it stated that even if the agreement had not been enforceable under state law, it nevertheless could have established a protected property interest. Id. at 1439-40. Noting that the Civil Rights Act "speaks of actions taken under *color* of state law and not under authority of state law," the court stated that "[l]egitimate and reasonable reliance on a promise from the state can be the source of property rights protected under the Due Process Clause and the civil rights statutes." Id. at 1440 (emphasis in original). This is true even when that promise conflicts with state law. See id. (citing Soni v. Board of Trustees, 513 F.2d 347 (6th Cir. 1975) (finding property interest where alien plaintiff reasonably relied on assurances and conduct by university officials that he had tenure track position, despite state law and university regulations prohibiting aliens from receiving such an appointment)).[2] Therefore, in this case, plaintiff could have a cognizable property interest in her continued employment with the school district based on the express provisions of her contract, despite conflicting state law.

Nor is the court persuaded by defendant's argument that its actions do not deprive

---

[2] Other courts outside this circuit have reached the opposite conclusion. See, e.g., Hyland v. Wonder, 972 F.2d 1129, 1141 (9th Cir. 1992) ("[P]romises of continued employment made in direct contravention of applicable law are insufficient to create a claim of entitlement for purposes of the Due Process Clause"); Jordan v. Solomon, 166 F. Supp. 2d 134, 137 (D. N.J. 2001) ("[I]f [contractual] entitlements are invalid under state law, no protectable property interest exists. The objective language of the alleged contract and the subjective understandings of individual employees are irrelevant as each employee in the public service is presumed to have accepted his or her position with 'full knowledge of the law.'").

4

plaintiff of a property right because she can continue working for the school district as a teacher under her retained tenure rights. Plaintiff's contract specifically provides that she was being retained in the position of personnel director. Moreover, as defense counsel has conceded, accepting a teaching position would mean a reduction in salary for plaintiff. This court concludes that plaintiff has sufficiently shown that she suffered a cognizable property interest in her continued employment as personnel director, despite the constraints placed on multi-year contracts by the Illinois School Code. Since there is no dispute that defendant did not provide plaintiff with a hearing, the court finds that plaintiff has met her burden of showing that she has a chance of succeeding on the merits.

The court next considers whether plaintiff has met her burden of showing that she would suffer irreparable harm and that she has no adequate remedy at law if the court denied her motion for a temporary restraining order. Plaintiff argues that without a temporary restraining order, she will suffer irreparable damage to her standing and associations in the community, her personal reputation, her professional reputation as a competent school administrator, her opportunities for future employment elsewhere "due to the stimatizing effect of being discharged," and to her right and ability to pursue employment in her chosen profession. Plaintiff asserts that because these injuries cannot be assigned a monetary value, she does not have an adequate remedy at law.

The evidence in the record does not support plaintiff's claim of stigma. To the contrary, the evidence before the court is that defendant did not discharge plaintiff based on any misconduct or lack of competency on her part, but rather merely treated her contract as ending after one year in an effort to meet the requirements of state law. There is no evidence that defendant considered plaintiff's job performance to have been anything less than satisfactory. Moreover, the only information that has been made public related to plaintiff's job is that the position of personnel director will be available; no information regarding plaintiff or her job performance has been publicized. The court is not convinced that the mere circumstance of being out of a job due to the expiration of a contract is enough to cause plaintiff to suffer the

5

reputational damage and ensuing consequences to job prospects that she predicts. Plaintiff has not shown that she would suffer irreparable harm for which no adequate legal remedy exists if she were unable to continue as the personnel director beyond July 1, 2002. Since plaintiff has not carried her burden of persuasion on the issues of irreparable harm and the inadequacy of any remedy at law, the court does not balance the harm to plaintiff that would result if the injunction were wrongfully denied against the harm to defendant if the injunction were wrongfully granted, or evaluate the impact on the public interest.

**ORDERED:** Plaintiff's motion for temporary restraining order is denied.

ENTER:

_____
George W. Lindberg
Senior United States District Judge

DATED: _____JUN 0 3 2002_____