# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3578 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Cheryl D. Woods-Clendening vs. Bd of Education, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Count I is dismissed with prejudice, as moot. Count II is dismissed without prejudice. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 25 2002 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 JUL 24 PM 6:42 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 2 5 2002

CHERYL D. WOODS-CLENDENING, )
)
Plaintiff, )
) 02 C 3578
v. )
) Judge George W. Lindberg
BOARD OF EDUCATION, SCHOOL )
DISTRICT NO. 89, COOK COUNTY, )
ILLINOIS, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

On May 20, 2002, plaintiff Cheryl Woods-Clendening filed this federal action under 42 U.S.C. § 1983, claiming that defendant Board of Education had violated her procedural due process rights when it notified her that it would be terminating her multi-year contract after one year, without providing plaintiff with a pre-termination hearing. After plaintiff filed this action, defendant held a hearing. The court now considers whether defendant's action has rendered plaintiff's federal claim moot.

On July 12, 2001, plaintiff and defendant entered into an employment contract, which provided that plaintiff would serve as the school district's personnel director from July 1, 2001 through June 30, 2006. Under its terms, the contract could be terminated only by mutual agreement of the parties, plaintiff's retirement or resignation, or for cause.

Defendant subsequently determined that plaintiff's multi-year contract failed to meet the statutory requirements of the Illinois School Code. The Illinois School Code provides, in relevant part, that "school districts may only employ principals and other school administrators

under either a contract for a period not to exceed one year or a performance-based contract for a period not to exceed 5 years." 105 ILCS 5/10-23.8a. The Code defines the requirements of such a "performance-based contract" as follows:

> Performance-based contracts shall be linked to student performance and academic improvement attributable to the responsibilities and duties of the principal or administrator...Each performance-based contract shall include the goals and indicators of student performance and academic improvement determined and used by the local school board to measure the performance and effectiveness of the principal or other administrator and such other information as the local school board may determine.

Id. Plaintiff's contract incorporated the job description for personnel director contained in defendant's policies, but neither the contract itself nor the job description explicitly contained goals linked to student performance and academic improvement.

Based on its determination that plaintiff's contract failed to meet the statutory requirements for multi-year contracts, defendant decided to treat the contract as a one-year contract ending July 1, 2002. On April 23, 2002, defendant offered plaintiff an additional one-year contract as personnel director for the 2002-2003 school year, which plaintiff declined. On May 5, 2002, defendant notified plaintiff that her position would be posted as vacant beginning July 1, 2002 and that she would need to reapply if she wished to be considered for it. If plaintiff was not reappointed to the personnel director's position, she would remain employed by the school district as a teacher, at a reduced salary, under her retained tenure rights.

On June 26, 2002, defendant held a hearing for the purpose of allowing plaintiff to respond to defendant's determination that her multi-year contract was invalid. The Board presided over the hearing. At the hearing, the Board stated its reasons for believing the contract was invalid. After plaintiff's attorney made an opening statement, plaintiff presented the

testimony of three witnesses, including one current Board member, and an affidavit of the former superintendent. Plaintiff also testified at the hearing. In addition, another current board member volunteered during the hearing to testify on plaintiff's behalf. The Board has not made a decision following the hearing.

Plaintiff makes two arguments in support of her position that her due process claim is not moot. First, plaintiff contends that her federal claim is not moot because she is still entitled to a post-termination hearing that is more extensive than the pre-termination hearing she received on June 26, 2002, and defendant has stated that it does not contemplate holding any additional hearings. Second, she argues that the pre-termination hearing itself was inadequate because the decisionmaker at the hearing – the Board – was not impartial.

This court has previously determined that plaintiff could have a property interest in her continued employment with the school district based on the express provisions of her contract, despite conflicting state law. Since plaintiff has a constitutionally protected interest in her job, defendant was required to provide plaintiff, at a minimum, limited pre-termination procedures, including notice of the charges, an explanation of its evidence, and an opportunity to present her side of the story. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). The court first considers whether plaintiff was entitled to more process than the pre-termination hearing she received.

The Supreme Court's decision in Mathews v. Eldridge, 424 U.S. 319 (1976), supplies the framework for analyzing whether plaintiff was entitled to more process than she received. Under the Mathews analysis, the court must balance three factors:

3

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews, 424 U.S. at 335. This analysis reflects the premise that due process is "flexible and calls for such procedural protections as the particular situation demands." Id. at 334.

Undoubtedly plaintiff has a substantial interest in receiving a fair hearing. However, the court is not convinced that any additional procedures would reduce the chances that defendant would erroneously terminate plaintiff's contract. A full-blown hearing, with cross-examination and confrontation of adverse witnesses is useful in cases requiring factual determinations, where there are issues of credibility. It is not useful in a case like this, in which the issue is a legal one: whether plaintiff's contract complies with the requirements of state law.[1] Accordingly, plaintiff is not entitled to any further hearings, if the one she received met the minimum requirements of pre-termination procedures outlined in Cleveland Bd. of Educ. v. Loudermill.

Plaintiff contends that her pre-termination hearing did not meet Loudermill's minimum requirements because the decisionmaker at her hearing was not impartial. Plaintiff correctly notes that, in addition to the requirements that she be provided notice, an explanation of defendant's evidence, and an opportunity to present her side of the story, she is also entitled to an impartial decisionmaker. See Head v. Chicago School Reform Bd. of Trustees, 225 F.3d 794,

---

[1] In fact, the Seventh Circuit has noted that when the parties "disagree only about the meaning of state law, then the complaint does not 'arise under' federal law" and there is no federal subject-matter jurisdiction. See Shegog v. Board of Educ., 194 F.3d 836, 838 (7th Cir. 1999). Since this court has determined that plaintiff's federal claim is moot, the court need not address whether, under Shegog, the court lacks subject-matter jurisdiction.

4

804 (7th Cir. 2000). However, adjudicators are presumed to act honestly and with integrity, and plaintiff must present substantial evidence of bias, "such as evidence of a pecuniary interest in the proceeding, personal animosity toward the plaintiff, or actual prejudgment of the plaintiff's case", to overcome this presumption. Id. at 804.

Plaintiff argues that the Board prejudged her case, as evidenced by the fact that it was the Board that initiated actions to terminate her contract in the first place. As further evidence that the Board prejudged her case, plaintiff offers board member William Jordan's testimony that after the new board was installed, the new board president stated that "he'd like to have everybody on ... one-year contracts straight around. He don't [sic] like the multiyear contract." Jordan further testified that "I think the law firm of Diamond ... allegedly said they could find some loopholes to get rid of the multiyear contract."

Plaintiff has not come forward with sufficient evidence to overcome the presumption that the Board was impartial. A decisionmaker should not be disqualified as biased "simply because he has taken a position, even in public, on a policy issue related to the dispute, in the absence of a showing that he is not 'capable of judging a particular controversy fairly on the basis of its own circumstances.'" Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 493 (1976) (quoting United States v. Morgan, 313 U.S. 409, 421 (1941)); see also Wainwright v. Witt, 469 U.S. 412, 424 (1985) (prospective juror in capital case should not be disqualified as biased where juror expressed objection to capital punishment, unless those views prevent or substantially impair him from impartially applying the law). Even "[e]vidence of prior familiarity with the plaintiff or his or her situation, or even of involvement in the particular matter under consideration, is not adequate by itself to overcome the presumption." Head, 225

F.3d at 804; see also Liteky v. United States, 510 U.S. 540, 551 (1994) (noting that "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant"); Patton v. Yount, 467 U.S. 1025, 1035 (1984) (prospective juror should not be disqualified as biased, despite his knowledge of case from pretrial publicity, unless his opinion of case is so fixed that he would be unable to judge impartially). Thus, in this case, the mere fact that the Board had commenced an action to terminate plaintiff's contract, without more, does not mandate a finding of impartiality.

Nor is the court persuaded by the testimony of William Jordan. The statement he attributes to the Board's president, that the president did not like multi-year contracts and would prefer all the employees to have one-year contracts, does not reveal any bias against plaintiff, but only a general position on multi-year contracts. Jordan's testimony regarding a law firm's "alleged" statement suggesting that loopholes could be found to get rid of the multi-year contract is similarly vague, and again does not demonstrate that the Board was biased against plaintiff. Plaintiff has failed to overcome the presumption that the Board acted as an impartial decisionmaker.

Since plaintiff has now received adequate process, her sole federal claim is moot. Accordingly, Count I is dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the state law claim in Count II. See 28 U.S.C. § 1367(c)(3); Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999).

**ORDERED:** Count I is dismissed with prejudice, as moot. Count II is dismissed without prejudice. Judgment will be set forth on a separate document. <u>See</u> Fed. R. Civ. P. 58.

ENTER:

*[signature]*
George W. Lindberg
Senior United States District Judge

DATED: JUL 2 4 2002